## Goldstrohm *v.* First National Bank of Duquesne, Appellant.

*Malicious prosecution—Damages—Excessive damages — Reduction by court.*

Where the plaintiff, in an action for malicious prosecution, was deprived of his liberty but for a short time, and where the testimony which he offered, as to special damages because of the arrest, was vague and indefinite and did not justify the verdict, the court acted within its discretion when it reduced the verdict.

Argued May 1, 1919.   Appeal, No. 42, April T., 1919, by defendant, from judgment of C. P. Allegheny County, October T., 1912, No. 1368, on verdict for plaintiff in case of Charles F. Goldstrohm v. First National Bank of Duquesne.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Trespass to recover damages for malicious prosecution. Before SWEARINGEN, J.

From the record it appeared that the First National Bank of Duquesne instituted a proceeding against Charles F. Goldstrohm, wherein it charged him with being indebted to it and having conveyed his property for the purpose of avoiding payment of that debt.   Plaintiff

56 GOLDSTROHM *v.* FIRST. NATIONAL BK., Appel.

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.

was arrested on a bench warrant and after hearing discharged, whereupon he brought suit for malicious prosecution.

The jury found a verdict for the plaintiff in the sum of fifteen hundred ($1,500) dollars. Subsequently the court reduced the verdict to seven hundred ($700) dollars. Defendant appealed.

*Errors assigned* were various rulings on evidence.

*A. C. Purdy,* of *Scott & Purdy,* and with him *Fred W. Scott,* for appellant.

*Joseph F. Mayhugh,* for appellee.

PER CURIAM, July 17, 1919:

The defendant in this case is asking for a third trial. In the one from which this appeal is taken, the disputed facts were so fairly submitted to the jury that no exception was taken to the charge of the court. The verdict as rendered was considered as excessive, and considering all the circumstances the court in banc reduced it to seven hundred dollars, with the suggestion, "This litigation should be ended." We concur in this, and find no reversible error to warrant another trial.

The judgment is affirmed.